# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| MICHELLE A. CUMMINGS, <br><br> Plaintiff, <br><br> vs. <br><br> BANK OF AMERICA, HOME LOANS, SAFEGUARD PROPERTIES, LLC, an Ohio Limited Liability Company, WIND & WATER, L.L.C., a Montana Limited Liability Company, DAVID H. COUCH, an Individual, and JOHN DOES A-Z, <br><br> Defendants. | CV 16-22-BLG-SPW-CSO <br><br> FINDINGS AND RECOMMENDATIONS ON MOTION TO STRIKE CLASS ALLEGATIONS |

Plaintiff Michelle A. Cummings ("Ms. Cummings") brings the following claims, individually and on behalf of a class, against all Defendants named in her First Amended Complaint ("FAC") (*ECF No. 24*):

Count One: Breach of Contract (Loan Documents);
Count Two: Intentional and/or Negligent Trespass; and
Count Three: Violation of the Montana Consumer Protection Act.

Defendant Bank of America, N.A. ("BANA") moves to strike the class allegations. *See Motion to Strike, ECF No. 33.* Defendants Safeguard Properties, LLC ("Safeguard"), Wind & Water, LLC ("Wind &

Water"), and David H. Couch ("Mr. Couch") join in BANA's motion. *See ECF Nos. 38, 48.*

Jurisdiction is based on 28 U.S.C. §§ 1332(d), 1453, and 1711-1715. *ECF No. 24 at 3.* The case has been referred to the undersigned. *ECF No. 14.* For reasons explained below, it is recommended that the Motion to Strike be denied.

I. **Background**

The FAC contains the following allegations.

Ms. Cummings owned a home in Miles City, Montana, that was subject to a loan serviced by BANA, a mortgage lender. In July 2008, Ms. Cummings had executed a Note and Deed of Trust that included the following provision:

> Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property.

*ECF No. 24 at 3.*

Safeguard contracts with BANA to engage in property preservation, including winterization of homes that are vacant or abandoned and homes whose loans are in default. Wind & Water contracts with Safeguard to perform such services. Mr. Couch is

believed to own and manage Wind & Water.

On or about December 22, 2014, Ms. Cummings left her home in Miles City to travel to Helena, Montana, due to her job. At the time of her departure, the home contained Ms. Cummings food, clothing, and other personal property, and the heat, electricity and water to the home were functioning.

BANA, based on an automated report that Ms. Cummings' home was vacant or abandoned, instructed Safeguard, who in turn instructed Wind & Water, to forcibly enter and perform preservation and winterization on Ms. Cummings' home. On December 23, 2014, Wind & Water drilled out Ms. Cummings' back door lock and entered her home without her consent or knowledge. At no time prior thereto had any Defendant contacted her to determine whether the property was vacant or abandoned.

Once inside the home, Wind & Water drained water from the plumbing, shut off the power, and placed the utility bill in the name of an agent of Safeguard. Warning stickers were placed on the windows, doors, and plumbing fixtures. The home sustained damage to the walls,

the garage door, and to the plumbing and appliances. Personal property of Ms. Cummings was lost, taken, transferred to third parties, or thrown away. As a result of Defendants' conduct, upon her return to Miles City on or about January 10, 2015, Ms. Cummings was forced to find another place to stay as there was no power, heat or water to her home. BANA charged her for their winterization and preservation efforts in her monthly mortgage statements.

Ms. Cummings defines the plaintiff class as comprised of all persons who satisfy the following criteria:

> all persons who own real property in Montana whose loans were serviced by Bank of America, and whose property was determined to be vacant and/or abandoned when they were not, and/or whose loan payments were not in default but whose property was nevertheless entered by Bank of America, Safeguard, Wind & Water, other unnamed defendants or their agents without the owners'/borrowers' consent within the last eight (8) years.

*ECF No. 24 at 5.* In her Prayer for Relief, she seeks damages for breach of contract, trespass, and as allowed by the Montana Consumer Protection Act pursuant to M.C.A. § 30-14-133. On behalf of herself individually, she seeks punitive damages. She does not seek either declaratory or injunctive relief.

## II. Parties' Arguments

BANA argues that Ms. Cummings cannot satisfy the requirements of Fed.R.Civ.P. 23 (a) or (b). First, BANA argues that the proposed class is not ascertainable because a class is only ascertainable if it is administratively feasible for the court to determine whether a particular individual is a member without extensive and individualized fact-finding or mini-trials. BANA asserts that the Court would need to determine: (1) whether the individual's property was entered by Defendants; (2) whether it was incorrectly deemed vacant or abandoned; (3) whether the individual's loan was in default; and (4) whether the individual consented to entry. Moreover, certain of these determinations, such as whether the property was properly deemed to be vacant/abandoned or whether the borrower consented, would depend on subjective rather than objective criteria.

Next, BANA argues that Ms. Cummings cannot satisfy the requirement of Rule 23(a)(2) because she cannot demonstrate common contentions capable of class resolution. Loans are originated by various mortgage lenders using different loan documents containing different

provisions concerning inspection and property preservation clauses.  Nor does Rule 23(a)(3) apply because Ms. Cummings cannot show that her claims and defenses are typical of the claims or defenses of the class.

Turning to Rule 23(b)(1), BANA argues that the class defined in the FAC does not fit either of the two types of classes eligible for certification.  It argues that Rule 23(b)(1)(A) is not appropriate in an action seeking only money damages, and Rule 23(b)(1)(B) is applicable to "limited fund" cases.  Here, there is no limited fund and individual adjudications would not impair subsequent claimants' ability to pursue their claims.  Nor does Rule 23(b)(2) apply because no final injunctive or declaratory relief is appropriate respecting the class as a whole.

Finally, BANA argues that Ms. Cummings cannot satisfy Rule 23(b)(3) because the main issues in the case would require separate adjudication of each class member's individual claim or defense.  Individual rather than common issues predominate, and there would be no economy or efficiency served by class treatment.

Ms. Cummings opposes the motion to strike class allegations.  Acknowledging that the Court may ultimately deny class certification –

or that a class certified may be different than that pled in the FAC – she argues that the motion to strike is premature and that discovery must be first allowed before class certification is decided.

She asserts that she is entitled to discovery into the common issues of fact and law, which she contends include the following: (1) whether Defendants entered property that was occupied; (2) what efforts, if any, Defendants made to contact owners; (3) how owners were contacted; (4) how Defendants identified and corrected mistaken entry; (5) whether entry caused damage; (6) when and how entry was authorized; (7) whether the entry of an occupied structure violated the Montana Consumer Protection Act, was a breach of contract, or constituted a trespass. *ECF No. 46 at* 11. She also wants to conduct discovery on matters such as: (1) how BANA's agents were paid for entry; (2) what procedures and protocols were utilized to determine whether property was occupied; (3) what should happen if the property entered into was occupied; (4) how many times Defendants determined after entry that the property was occupied; (5) how many of the Defendants received complaints similar to the one that Ms. Cummings

lodged; (6) how many times utilities were transferred from the property owner's name and back again; and (7) whether the Defendants sent or delivered apology letters for entering occupied properties.

Ms. Cummings contends that, at this early stage, her allegations are substantive and sufficient. She assures the Court that the FAC and her class allegations are based upon the Defendants' entry of an occupied structure. It is from this act that this matter arises and this act drives all three causes of action. *Id. At 10.* She contends that the FAC is sufficient to establish commonality, typicality and adequacy to withstand the Motion to Strike.

## III. <u>Standard of Review</u>

Fed.R.Civ.P. 12(f) allows the Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored and courts generally will not tamper with the pleadings if any doubt exists as to whether the allegation should be stricken. *Gallardo v. AT&T Mobility, LLC,* 937 F.Supp.2d 1128, 1133-34 (N.D. Cal. 2013). Class allegations will be stricken only in rare instances where it is obvious from the pleadings that class treatment

would not be proper.  *See Manning v. Boston Medical Center Corp.,* 725 F.3d 34, 59 (1st Cir. 2013); *Stokes v. CitiMortgage, Inc.,* 2015 WL 709201 at *4 (C.D. Cal., Jan. 16, 2015) (noting that "[c]ourts have long disfavored Rule 12(f) motions, granting them only when necessary to discourage parties from making completely tendentious or spurious allegations.").

The plaintiff in a class action bears the burden of showing that discovery is likely to produce substantiation of the class allegations. Once this showing is made, it is an abuse of discretion to deny precertification discovery. *Perez v. Safelite Grp. Inc.*, 553 Fed.Appx. 667, 668-69 (9th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Mar. 7, 2014) (*citing Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) and *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)); *see also Franco v. Bank of Am.*, 2009 WL 8729265, at *3 (S.D. Cal., Dec. 1, 2009) *(citing Mantolete*, 767 F.2d at 1424) (while courts generally allow plaintiffs to obtain discovery from defendants related to class certification issues, plaintiffs bear the burden of showing that such discovery is likely to produce substantiation of the class allegations).

District courts have broad discretion to control the class certification process, and whether discovery will be permitted "lies within the sound discretion of the trial court." *Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 297 (S.D. Cal. 2015) (*citing Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d 935, 942 (9th Cir. 2009)).

IV. <u>Analysis</u>

The Court has carefully considered the parties' arguments in light of the standards set forth above, and has concluded that it may be difficult for the Plaintiff ultimately to certify a class. It is not clear, for example, that the class will be ascertainable, or that common questions of law or fact predominate over any questions affecting only individual members pursuant to Fed. R. Civ. P. 23(b)(3). Fed. R. Civ. P. 23(b)(1) and (2) appear to be inapplicable to these facts.

When considering these issues in the context of a motion to strike, however, the Court must be mindful that such motions are disfavored and should only rarely be granted. The Court has doubts about whether the motion to strike should be granted and therefore concludes that it is too early in the proceedings to make that determination. The action is

in its earliest stages; no scheduling conference has yet been conducted.

The Ninth Circuit has suggested that a district court should provide a plaintiff with "adequate time in which to conduct discovery related to the question of class certification" and that "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable." *Vinole,* 571 F.3d at 942. Certainly there are cases in which class certification may properly be denied without discovery, but the Court here concludes that plaintiff has not yet had an opportunity to determine if there is a class that could be certified. *See Oravsky v. Encompass Ins. Co.,* 804 F.Supp.2d 240-41 (D. N.J. 2011) (denying motion to dismiss class allegations based on assertions that individualized fact issues predominate and noting that "dismissal of class allegations at this stage should be done rarely and that the better course is to deny such motion because the shape and form of a class action evolves only through the process of discovery").

Defendants cite cases, with similar facts albeit different claims, in which class allegations have been stricken. *See, e.g., Alqaq v.*

*CitiMortgage*, 2014 WL 1689685 (N.D.Ill., Apr. 29, 2014) (noting in Illinois Consumer Fraud Act case that plaintiff had not suggested what facts could be learned in discovery that would be useful in making class determination issues). But here, in addition to those issues that appear to require individual and not class treatment, Plaintiff has suggested, among other issues, that discovery is necessary on issues such as common procedures and protocols that Defendants utilized to determine whether a Montana property was occupied, and how many times Defendants entered Montana properties and determined after entry that the property was occupied. The Court notes that discovery on these items and other items may be appropriate not only with respect to class allegations, but also with respect to Plaintiff's punitive damages claim.

The fact that individual damages awards may differ does not, in itself, preclude certification of a class. *Yokoyama v. Midland Nat'l Life Ins. Co.,* 594 F.3d 1087, 1089 (9th Cir. 2010) (noting that "[o]ur court long ago observed that 'the amount of damages is invariably an individual question and does not defeat class action treatment.'") (*citing Blackie v. Barrack,* 524 F.2d 891, 905 (9th Cir. 1975)).

## V. Conclusion

For the reasons set forth above, IT IS RECOMMENDED that Defendants' Motion to Strike be denied.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 15th day of September, 2016.

**/s/ Carolyn S. Ostby**
United States Magistrate Judge